UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 96-CR-10252-RWZ-2

JOHN BARTOLOMEO

v.

UNITED STATES OF AMERICA

MEMORANDUM & ORDER
March 16, 2021

ZOBEL, S.D.J.

On May 21, 1998, petitioner pleaded guilty to twelve counts of a superseding indictment charging him with conspiracy to distribute cocaine and methamphetamine and with possessing those drugs with intent to distribute them. The sentencing court allowed a joint motion for upward departure pursuant to United States Sentencing Guideline § 4A1.3(e) in which petitioner assented to a 35-year term of imprisonment. Underlying his assent was an agreement by state authorities, with federal concurrence, not to charge him separately with the beating of one rival gang member and the killing of another. The matter is before me now on petitioner's motion for sentence modification pursuant to 18 U.S.C. § 3582(c)(2), and in the alternative, 18 U.S.C. § 3582(c)(1). Docket # 571.

Petitioner renews an argument to reduce his sentence based on 18 U.S.C. § 3582(c)(2) and Guideline Amendment 782, also known as the "Drugs Minus Two" Amendment, which retroactively reduced the offense levels applicable to drug offenses by amending the drug quantity table contained in USSG § 2D1.1.[1] He asserts that his

---

[1] The court previously rejected this argument as part petitioner's habeas petition pursuant to 28 U.S.C. § 2255. See Docket # 548 at 13 n.5.

1

sentence was comprised of a drug segment and a segment for the uncharged conduct and asks this court to reduce the drug portion of his sentence.

To qualify for a reduction pursuant to § 3582(c)(2), petitioner must first show that his sentence was based on a guideline sentencing range that was subsequently lowered by the Sentencing Commission. He contends that the Guidelines were relevant to the sentence, emphasizing that the parties moved for an upward departure "from the guideline range otherwise applicable" and that the sentencing court calculated the range prior to imposing sentence. The argument is unavailing. While a sentencing judge is required "to calculate the now-advisory Guidelines range in every sentencing proceeding . . . it does not follow that any sentence subsequently imposed must be regarded as 'based on' a Guidelines range." Koons v. United States, 138 S. Ct. 1783, 1789 (2018) ("[w]hat matters . . . is the role that the Guidelines played in the selection of the sentence eventually imposed—not the role that the range played in the initial calculation.")).[2]

Petitioner argues that the Guidelines were the primary basis supporting the drug component of the sentence. However, neither the plea agreement nor the sentencing judge delineated a sentence for the drug offenses separate from the uncharged conduct. The sentence was based on the parties' joint recommendation for a 35-year term of imprisonment for both the drug convictions and the additional conduct:

> The transcript for the joint hearing on change of plea and sentencing suggests that the judge considered the drug quantity and career offender status in calculating the applicable GSR, but relied on neither in ultimately allowing the joint motion for an upward departure.

---

[2] Petitioner argues that Koons is inapplicable to this case because, unlike him, the Koons defendants were subject to mandatory minimum sentences. However, the dispositive issue in Koons was not whether the defendants were sentenced based on mandatory minimums, but rather whether the applicable guideline ranges drove their sentences.

See Docket # 548 at 11. The First Circuit affirmed this court's conclusion on appeal. See Bartolomeo v. United States, 960 F.3d 34, 48 (1st Cir. 2020) (relying, in part, on the sentencing judge's statement that he would "determine the sentence prescribed by the Guidelines, 'but [the] sentence will be based on the [departure] motion,' not the 'calculations.'"). Petitioner does not qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2) because his sentence was not based on a guideline range later amended by the Sentencing Commission.

In addition, petitioner moves for sentence modification pursuant to 18 U.S.C. § 3582(c)(1) based on the health risk posed by the COVID-19 pandemic. A motion for compassionate release may be granted upon a determination that "extraordinary and compelling reasons" warrant a sentence reduction, 18 U.S.C. § 3582(c)(1)(A), and after consideration also of the sentencing factors set forth in 18 U.S.C. § 3553(a). Petitioner alleges that he is particularly vulnerable to severe COVID-19 illness because he has a low white blood cell count. He states that he contracted the virus in March 2020. Nevertheless, there is no evidence that he endured serious sickness or that the Bureau of Prisons would be ill equipped to treat him were he to become reinfected. The § 3553(a) factors also counsel against sentence modification. Petitioner agreed to a 35-year term of imprisonment not only for numerous drug offenses, but also to escape state prosecution for murder.

The motion (Docket # 571) is therefore DENIED.

|  |  |
|---|---|
| March 16, 2021 | /s/ Rya W. Zobel |
| DATE | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |